UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW U. D. STRAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-118 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the court on review of Plaintiff's Complaint against the United States for $1.5 million, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The application will be granted, and the case will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff has sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), "to obtain justice for causing me painful and permanent mental injury as an infant that lasted my whole life." Compl. at 1. Plaintiff attributes his lifelong injuries to his "father's gamete [being]

damaged at Camp Pendleton in California when he was in the U.S. Marine Corps," *id.*, and allegedly exposed "to many toxins on the base," *id.* ¶ 14.

Under the commonly known *Feres* doctrine, "the Supreme Court has determined that the [Tort Claims] Act does not waive sovereign immunity for suits brought by servicemen for 'service connected injuries.'" *Lombard v. United States*, 690 F.2d 215, 218 (D.C. Cir. 1982) (examining *Feres v. United States*, 340 U.S. 135 (1950)). Indeed,

> [i]t is well established that *Feres* bars recovery by family members where the cause of action is ancillary or derivative to the serviceman's action for his own injury received incident to military service[,] [and] [t]his rule has . . . been specifically applied in . . . cases involving genetic defects developed in children as a result of exposure of their respective serviceman fathers to genetically mutating agents of one kind or another.

*Lombard*, 690 F.2d at 223. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: March 7, 2022

/s/
AMIT P. MEHTA
United States District Judge